IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE BOWLING,  | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0250 |
| | § | |
| CARNIVAL CORPORATION, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss or Transfer Venue ("Motion") [Doc. # 8] filed by Defendant Carnival Corporation ("Carnival"). Plaintiff Charlotte Bowling filed a Response [Doc. # 12], and Defendant filed a Reply [Doc. # 13]. Having reviewed the full record and the governing legal authorities, the Court concludes that the forum selection clause in the contract between Plaintiff and Defendant is valid and must be enforced. As a result, the Court **grants** Defendant's Motion and **transfers** this case to the United States District Court for the Southern District of Florida.

## **I.      BACKGROUND**

Plaintiff, a resident of Oklahoma, and her terminally-ill husband Don decided to go on a four-night Caribbean cruise on the Carnival "ECSTASY." On May 20, 2008, Plaintiff purchased tickets for the cruise, which was scheduled to depart on June

5, 2008, from the Port of Galveston, Texas. Because the tickets were purchased less than twenty-one days before the cruise date, the Bowlings received their cruise Ticket Contract electronically through Carnival's FUNPASS Advance Registration System ("FUNPASS"). The Booking History Display reflects that Plaintiff accessed the FUNPASS system and accepted the Ticket Contract on May 27, 2008.

The top of the first page of the Ticket Contract includes a notice, in bold and capital letters, advising cruise passengers that Clauses 10 through 13 contain important limitations of the passengers' rights to assert claims against Carnival, "including forum selection . . .." *See* Ticket Contract, Exh. C to Motion, p. 1. Clause 12(c) of the Ticket Contract provides that the passenger and Carnival agree that all disputes relating to the cruise "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami . . . to the exclusion of the Courts of any other county, state, or country." *See id.*, ¶ 12(c).

Plaintiff requested special assistance from Carnival in connection with enabling her husband to board the vessel. Plaintiff alleges that, when she and her husband arrived at the ship on June 5, 2008, Carnival failed to provide the special assistance required for her husband to board and, instead, required the Bowlings to use an escalator. Plaintiff alleges that her husband lost his balance on the escalator, fell, and

knocked Plaintiff down. Plaintiff alleges that she twisted her knee in the fall and received other physical injuries when the escalator "mauled" her.

The Bowlings were unable to board the ship for the cruise. Plaintiff was taken to the University of Texas Medical Branch Hospital, where she was treated and released with instructions to obtain further testing on her knee after she returned to her home in Oklahoma. The Bowlings stayed in a hotel in the Galveston area and then returned home.

Plaintiff filed this lawsuit against Carnival in the 405th District Court of Galveston County, Texas. Defendant removed the case to this Court, where it then filed the currently-pending Motion to Dismiss or Transfer based on the forum selection clause in the Ticket Contract. The Motion has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

This case was removed from the District Court of Galveston County, Texas. Venue in a removed case is governed by the removal statute, 28 U.S.C. § 1441. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *see also Houston Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). Pursuant to § 1441(a), a defendant can remove a properly removable civil case "to the district court of the United States for the district and division embracing the place

where such action is pending." 28 U.S.C. § 1441(a). Because Galveston County is located in the United States District Court for the Southern District of Texas, venue in this district is proper pursuant to 28 U.S.C. § 1441(a) and dismissal is not appropriate.

Carnival alternatively moves to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Southern District of Florida pursuant to the forum selection clause in the Ticket Contract. Forum selection clauses are presumptively valid. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Alcan Rubber v. Star Gran M/V*, 64 F. App'x. 417 (5th Cir. Mar. 17, 2003); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir. 1997). Although a party seeking to change venue under 28 U.S.C. § 1404(a) normally bears the burden of demonstrating that transfer is justified, a "forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *see also Alcan Rubber*, 64 F. App'x. at 417. To show that transfer pursuant to a forum selection clause would be unreasonable, the opposing party must show one of the following:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected

>  forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Hartash Const., Inc. v. Drury Inns, Inc.*, 2001 WL 361109, *1 (5th Cir. Mar. 23, 2001) (internal quotations omitted) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)).  "The burden of proving unreasonableness is a heavy one."  *Afram Carriers v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998).

In this case, Plaintiff has not shown that incorporation of the forum selection clause into the agreement was the product of fraud or overreaching.  Indeed, the United States Supreme Court has upheld Carnival's forum selection clause, reversing the lower court's holding that the clause should not be enforced because it "was not freely bargained for."  *See Shute*, 499 U.S. at 589, 595.  Plaintiff asserts that she did not receive a copy of or agree to the terms of the Ticket Contract, but the computer records establish that she received an electronic copy of the Ticket Contract and consented to its terms through the FUNPASS system on May 27, 2008.  Plaintiff also complains that she would have forfeited half of the cruise price if she had cancelled her cruise rather than agree to the terms of Ticket Contract.  This cancellation penalty, while unpleasant, is not so onerous that it constitutes fraud or overreaching for purposes of refusing to enforce a forum selection clause.  *See, e.g., Williams v. M/V*

*Jubilee*, 431 F. Supp. 2d 677, 681 (S.D. Tex. 2003); *Elliott v. Carnival Cruise Lines*, 231 F. Supp. 2d 555, 561 (S.D. Tex. 2001).

Plaintiff has not shown that she will be deprived of her day in court because of "the grave inconvenience or unfairness of the selected forum." There is no showing that Florida is an unfair forum. Plaintiff has also failed to satisfy her heavy burden of showing that litigation in Florida would be more inconvenient than in Texas. Plaintiff states that she has relatives in the Houston/Galveston area, but she lives in Oklahoma, not in Texas or Florida. Except for Plaintiff's brief treatment in the emergency room in Galveston, her treating physicians are more likely to be in Oklahoma where Plaintiff lives than in Florida or Texas.

Plaintiff has neither argued nor shown that application of maritime law[1] by the federal courts in the Southern District of Florida would be so unfair that it would deprive Plaintiff of a remedy.

Plaintiff has also failed to show that enforcement of the forum selection clause would contravene a strong public policy of Texas. Indeed, there is no strong public policy in Texas that favors litigating here disputes between a citizen of Oklahoma and a citizen of Florida. The Supreme Court in *Shute*, on the other hand, identified public

---

[1] The Ticket Contract governs the rights and liabilities between a passenger and an ocean carrier. *See The Majestic*, 166 U.S. 375, 377-78 (1897). The Ticket Contract is a maritime contract and its interpretation is governed by federal maritime law. *See, e.g., Wilkinson v. Carnival Cruise Lines*, 920 F.2d 1560, 1564 n.10 (11th Cir. 1991).

policy considerations that favor the enforcement of forum selection clauses in cruise contracts. Enforcement "has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Shute*, 499 U.S. at 593-94. Additionally, the Supreme Court noted that "it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Id.* at 594. This Court also notes, though not a basis for the Court's decision, that residents of mid-America benefit from having access to cruises that depart from the Port of Galveston, a more convenient departure point than ports along either the East Coast or the West Coast. Failure to enforce the forum selection clause could prompt Carnival to reconsider whether it is willing to continue offering cruises from Galveston.

The forum selection clause in this case is presumptively valid and Plaintiff has failed to satisfy her heavy burden to show that enforcement of the clause would be unreasonable under the circumstances of the case.

### III.  **CONCLUSION AND ORDER**

The cruise contract between Plaintiff and Defendant includes a valid and enforceable forum selection clause requiring litigation in Florida. Plaintiff has failed to demonstrate that enforcement of the forum selection clause would be unreasonable. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or Transfer Venue [Doc. # 8] is **GRANTED** to the extent that this case is **TRANSFERRED** to the United States District Court for the Southern District of Florida in accordance with the forum selection clause.

SIGNED at Houston, Texas, this **30th** day of **March, 2009**.

_____
Nancy F. Atlas
United States District Judge